and documents to be used in accordance with section 296 of the Civil Practice Act.

The order appealed from should be modified by striking out (1) from the items of examination, Nos. 14, 15, 16, 17; (2) from the items directing the production of books and documents, items D, E, F and K; and (3) the omnibus requirement of all other books of whatever nature "from January 1, 1933, and prior thereto ".

The examination should proceed by Nils T. Sellman, plaintiff's assistant vice-president in charge of sales, instead of plaintiff's president, without prejudice to a further application if the officer examined has no knowledge or information on items relevant and necessary. The examination shall be conducted at plaintiff's place of business ten days after completion of plaintiff's examination of defendants allowed in a companion appeal (*post*, p. 900).

The order appealed from should be modified accordingly and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiff-appellant.

Martin, P. J., Townley, Glennon and Dore, JJ., concur.

Order unanimously modified as indicated in opinion and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiff-appellant. The date for the examination to proceed to be fixed in the order. Settle order on notice. [See *post*, p. 1024.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RALPH SOGLIUZZO, Appellant.

PER CURIAM. The evidence fails to establish the first count of the information charging the defendant with the crime of unlawful entry. (*People* v. *Orr*, 270 N. Y. 193; *People* v. *Cooperman*, 279 N. Y. 599.) The second count charging the defendant with the crime of assault in the third degree is, however, fully established by the proof.

Since the sentence on each count runs concurrently, dismissal of the first count of the information does not otherwise affect the judgment of conviction.

The judgment should be modified by dismissing the first count of the information and eliminating the sentence imposed thereon, and otherwise affirmed.

Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ., concur.

Judgment unanimously modified by dismissing the first count of the information and eliminating the sentence imposed thereon, and otherwise affirmed. Settle order on notice.

In the Matter of RALPH GIANNETTINO et al., Petitioners, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.— The Comptroller admits that the formula adopted and applied by him in this proceeding to determine proper amounts to be deducted for vacations and pensions was erroneous. Accordingly, the determination appealed from is annulled, with fifty dollars costs and disbursements and the proceeding remitted to the Comptroller for further hearing. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Dore, J., dissents and votes to annul the Comptroller's determination and grant petitioners the prevailing rate of wage from January 1, 1938, to February 20, 1942, without any deduction whatsoever for pension or vacation

benefits. (Labor Law, § 220, subds. 1, 3, 5, par. a; cf. also §§ 220-a, 220-b.) Settle order on notice.